**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GUENEVERE PERRY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-3116 (RBW) |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

On November 22, 2021, the plaintiff, proceeding pro se, initiated this civil action against the defendant, the United States Department of Education (the "Department"), see Complaint for a Civil Case ("Compl.") at 1–2, ECF No. 1, alleging that the Department failed to review her February 10, 2021 Borrower Defense Application and failed to complete her Privacy Act and Freedom of Information Act ("FOIA") requests, in violation of "the Individual Process for Borrower[] Defense §[]685.403[, which is a Department Regulation,] . . . the [FOIA], the Privacy Request Act of 1974, and the Open [Government] Data Act of 2019[,]" Complaint for a Civil Case ("Am. Compl.") at 5, ECF No. 4. On January 12, 2022, the Court closed the case in light of the Plaintiff[']s[] Motion [for] Dismissal Without Prejudice ("Pl.'s Voluntary Dismissal"), ECF No. 6, which the Court construed as a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). See Minute ("Min.") Order (Jan. 12, 2022); see also Pl.'s Voluntary Dismissal at 1 (stating that, "[p]ursuant to Fed[eral] Rule 41, [t]he [p]laintiff . . . respectfully moves the court to dismiss the case without prejudice" and noting that "[a] plaintiff, under [R]ule 41[](a)[](i), is permitted to dismiss voluntarily only once" (emphasis omitted)). Currently pending before the Court are: (1) the plaintiff's Motion

[f]or Relief from a Judgment or Order Pursuant [to] Fed[eral] Rule 60(b)(2) ("Pl.'s 3d Mot. to Reopen" or the "plaintiff's third motion to reopen"), ECF No. 14; (2) the plaintiff's Motion to Request Court to Post-Pone Review of Docket 12 ("Pl.'s Mot. to Postpone" or the "plaintiff's motion to postpone"), ECF No. 15; and (3) the plaintiff's Motion to Withdraw Docket #12 from the Docket System ("Pl.'s 2d Mot. to Withdraw" or the "plaintiff's second motion to withdraw"), ECF No. 13.  Upon careful consideration of the plaintiff's submissions,[1] the Court concludes for the following reasons that it must (1) deny the plaintiff's third motion to reopen, (2) deny as moot the plaintiff's motion to postpone, and (3) grant the plaintiff's second motion to withdraw.

## I.   BACKGROUND

Following the plaintiff's December 26, 2021 voluntary dismissal of this case without prejudice, see generally Pl.'s Voluntary Dismissal, and the Court's January 12, 2022 Minute Order closing the case, see Min. Order (Jan. 12, 2022), the plaintiff filed a series of motions relating to her desire to reopen the case.  First, on March 10, 2022, the plaintiff filed a motion requesting that the Court reopen the case.  See Motion to Reopen Case and Cure Defect Complaint ("Pl.'s Mot. to Reopen" or the "plaintiff's first motion to reopen") at 1, ECF No. 7.  However, in light of the plaintiff's representations to the Court in her subsequent filing on April 4, 2022, in which she requested that the Court "post[]pone her case review[,]" Plaintiff Postpones Review of Motion to Reopen Case at 1, ECF No. 10, the Court denied without prejudice the plaintiff's first motion to reopen, see Min. Order (May 19, 2022).

Subsequently, on June 28, 2022, the plaintiff filed a second motion to "cure her complaint and reopen her case."  Pl.'s 2d Mot. to Reopen at 1.  In the plaintiff's second motion

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the plaintiff's Motion to Reopen Case & Amend Complaint under Fed[eral] Rule 60 ("Pl.'s 2d Mot. to Reopen" or the "plaintiff's second motion to reopen"), ECF No. 11; and (2) the plaintiff's Motion to Withdraw Request # to Reopen Case ("Pl.'s Mot. to Withdraw" or the "plaintiff's first motion to withdraw"), ECF No. 12.

to reopen, she alleges that an "amendment would not prejudice the defendant as no one [has been] summoned and the request is within the [one]-year statute of limitations." Id.  However, on July 21, 2022, at the plaintiff's written request, see Pl.'s Mot. to Withdraw at 1, her second motion to reopen was withdrawn by the Clerk of the Court.

On July 25, 2022, despite the fact that the Clerk of the Court had already withdrawn the plaintiff's second motion to reopen, she filed a motion requesting that the Court "post[]pone review of docket 12[, i.e., the plaintiff's withdrawal of her second motion to reopen,] for [twenty-one] days."  Pl.'s Mot. to Postpone at 1.  Finally, on July 28, 2022, before the Court could resolve the plaintiff's request to postpone review of her withdrawal of the second motion to reopen, the plaintiff filed another motion in which she "res[ci]nd[ed] her request in docket #12."  Pl.'s 2d Mot. to Withdraw at 1.  In other words, the plaintiff's July 28, 2022 motion rescinded her request to withdraw the second motion to reopen the case.  See id.

Additionally, on July 15, 2022, the plaintiff filed another motion, which the Court construes as a third motion to reopen this case, in which she requested "relief from O[rder] #6 that [granted] the [p]laintiff's request for a dismissal."  Pl.'s 3d Mot. to Reopen at 1.  The plaintiff's third motion to reopen states that, "[o]n July 23, 2020, the [ ] Dep[artmen]t . . . sent a message that [the plaintiff's] request [for] reconsideration of [her] Borrower Defense Application 0136889[3] was incomplete and not accepted under review" because the Department needed the plaintiff to provide "the reasons [she] believed the original determination was incorrect."  Id. The plaintiff further states that she "submitted her response on July 27, 2020[.]"  Id.  However, the plaintiff represents that, on "July 15[], 2022[], [she] was notified by customer service [that]

3

the July 27[][,] 202[0][2] response was not officially entered [in]to [the] record []because the application has not been assigned to an investigator[][,] and the application is still incomplete and [was] not being reviewed." Id.  Thus, the plaintiff argues that, "[b]ased on the[se] newly discovered facts[,] the original agency determination is open for judicial review and intervention." Id.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 60(b), the Court, "[o]n motion and just terms, . . . may relieve a party . . . from a final judgment, order, or proceeding[,]" Fed. R. Civ. P. 60(b), for one of six reasons:

> (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

Motions brought pursuant to Rule 60(b)(2), i.e., on grounds of "newly discovered evidence[,]" Fed. R. Civ. P. 60(b)(2), must be filed "within a reasonable time[—]and . . . no more than a year after the entry of the judgment or order or the date of the proceeding[,]" Fed. R. Civ. P. 60(c)(1).  And, "[a] trial court enjoys a large measure of discretion in deciding whether to grant or deny a [Rule] 60(b) motion[.]"  Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C. Cir. 1987).

---

[2] The plaintiff first states that she "submitted her response on July 27, 2020[,]" id., but then references "the July 27[][,] 2021 response[,]" id., so it is unclear from this contradiction whether her response was submitted to the Department in 2020 or 2021.  However, because the plaintiff's second motion to withdraw states that "[the p]laintiff thought the [application] was complete, as [she] submitted the info[rmation] requested by the [Department] in 2020[,]" Pl.'s 2d Mot. to Withdraw at 1, the Court will construe the plaintiff's reference to July 27, 2021, as a typographical error and conclude that the plaintiff intended to refer to the year 2020 instead of the year 2021.

4

### III.     ANALYSIS

As best as the Court can discern from the plaintiff's multiple confusing filings, she desires to have the Court reopen this case. See Pl.'s 2d Mot. to Withdraw at 1 (stating that "[the p]laintiff res[ci]nds her request in docket #12[,]" i.e., the request to withdraw her second motion to reopen); Pl.'s 3d Mot. to Reopen at 1 (requesting "relief from O[rder] #6 that [granted] the [p]laintiff's request for a dismissal" and stating that, "[b]ased on the newly discovered facts[,] the original agency determination is open for judicial review and intervention"). As a preliminary matter, the Court must first address whether it has the authority to vacate the plaintiff's voluntary dismissal of this case. Because the Court ultimately concludes that the plaintiff's voluntary dismissal is subject to vacatur under Federal Rule of Civil Procedure 60(b), see infra Section III.A, the Court will then proceed to address the merits of the plaintiff's requests to reopen the case.[3]

### A.     Authority Under Rule 60(b) to Vacate Voluntary Dismissals

Voluntary dismissals are governed by Rule 41(a) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(a). Rule 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). "When the plaintiff files a notice of dismissal before service by the adverse party of an answer or of a motion for summary judgment, the dismissal takes effect automatically[.]" Randall, 820 F.2d at 1320. "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ.

---

[3] The Court concludes that the plaintiff's second motion submitted to the Court, see generally Pl.'s Mot. to Postpone, is moot because it requested that the Court "post[]pone [ ] review of docket 12[, i.e., the plaintiff's withdrawal of her second motion to reopen,] for [twenty-one] days[,]" id. at 1, and more than twenty-one days elapsed between the filing of the plaintiff's motion on July 25, 2022, and her subsequently filed motion requesting that the Court "withdraw doc[ument] 12[,]" Pl.'s 2d Mot. to Withdraw at 1. Additionally, the Court will grant the plaintiff's motion to "withdraw doc[ument] 12[,]" id., thus permitting the plaintiff to rescind her request to withdraw her second motion to reopen.

5

P. 41(a)(1)(B).  However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  Id.

The District of Columbia Circuit has held that district courts have authority to vacate a voluntary dismissal pursuant to Rule 60(b).  See Randall, 820 F.2d at 1322 (holding that "Rule 60(b)(6) can be used to vacate voluntary dismissals resulting in final judgments"); see also Sack v. Central Intelligence Agency, 53 F. Supp. 3d 154, 178 (D.D.C. 2014) ("The D.C. Circuit has held that voluntary dismissals under Rule 41(a) . . . may be subject to Rule 60(b) motions." (citing Randall, 820 F.2d at 1320)).  As the Circuit has explained, "nothing in the language of Rule 41(a)(1)[A](i)[4] exempts voluntary dismissals from the scope of judicial authority under Rule 60(b)."  Randall, 820 F.2d at 1320.  Although the Circuit has not explicitly held that voluntary dismissals without prejudice under Rule 41(a)(1)(A) are subject to relief under Rule 60(b), see id. (concluding that the plaintiff's second voluntary dismissal, which "operated as an adjudication on the merits, [ ] was a 'final judgment' under Rule 60(b)"), at least four other federal circuits have concluded that a district court may vacate a voluntary dismissal without prejudice under Rule 60(b), see Yesh Music v. Lakewood Church, 727 F.3d 356, 362–63 (5th Cir. 2013) (holding that "a Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding'" and is "subject to vacatur under Rule 60(b)"); Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011) (concluding that "there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action" under Rule

---

[4] "Fed[eral] R[ule of] Civ[il] P[rocedure] [ ] 41(a)(1)(i) is now Fed[eral] R[ule of] Civ[il] P[rocedure] [ ] 41(a)(1)(A)(i)."  Norris v. District of Columbia, No. 05-cv-1122 (HHK/DAR), 2008 WL 7994986, at *1 n.1 (D.D.C. Aug. 1, 2008); see 2007 Amendment of Federal Rule of Civil Procedure 41 ("The language of Rule 41 . . . [was] amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes [we]re intended to be stylistic only.").

41(a)(1)(A)(i)); Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir. 1976) (concluding that "the [c]ourt below was clearly correct in vacating its order of dismissal" following a stipulation of dismissal without prejudice because "a court may relieve a party from a final judgment when a 'reason justifying relief from the operation of the judgment' exists" (quoting Fed. R. Civ. P. 60(b)(6)[5])); Williams v. Frey, 551 F.2d 932, 934–35 (3d Cir. 1977), abrogated in part on other grounds by Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988) (concluding that the district court "had the power to consider the petition to modify the agreement to dismiss the suit" because Rule 60(b) "speaks of relief from a final 'proceeding'" and "[t]he [Rule 41(a)(1) voluntary] dismissal of the suit was . . . a proceeding, and it was clearly final").

Furthermore, this Court has previously applied the Rule 60(b) standard to a motion to vacate the Court's dismissal of a case pursuant to a notice of voluntary dismissal without prejudice. See THEC International-Hamdard Cordova Group-Nazari Construction Co., Ltd. Joint Venture v. Cohen Mohr, LLP, 301 F. Supp. 3d 1, 8–11 (D.D.C. 2018) (Walton, J.) (denying the plaintiffs' motion to vacate their voluntary dismissal without prejudice because "the plaintiffs [ ] failed to satisfy their heavy burden of demonstrating that their requested relief under Rule 60(b) is justified"). Cf. Goddard v. Serv. Emps. Int'l Union Loc. 32BJ, 310 F.R.D. 190, 192–93 (D.D.C. 2015) (analyzing the plaintiff's motion to reopen under Rule 60(b) after dismissing the case without prejudice at the plaintiff's oral request). And, another member of this Court has implied that a motion to reopen under Rule 60(b) is the appropriate remedy to seek vacatur from the Court of a voluntary dismissal. See Blackmon-Malloy v. United States Capitol Police, No. 01-cv-2221 (EGS/JMF), 2012 WL 13070086, at *4 (D.D.C. Dec. 14, 2012) (stating that, to be

---

[5] The quoted text of Rule 60(b)(6) has since changed, see Fed. R. Civ. P. 60(b)(6) (providing that "the court may relieve a party . . . from a final judgment, order, or proceeding" for "any other reason that justifies relief"), but the substance of the rule remains the same, compare id., with Aro Corp., 531 F.2d at 1371 (quoting Fed. R. Civ. P. 60(b)(6)).

reinstated into the case, plaintiffs who were voluntarily dismissed "must [ ] move [under Rule 60(b)] to vacate their dismissal from the case").

In light of the rulings in the aforementioned cases, the Court concludes that a Rule 41(a)(1)(A) voluntary dismissal without prejudice constitutes a final proceeding subject to vacatur under Rule 60(b). See Fed. R. Civ. P. 60(b). Having concluded that the Court can consider the plaintiff's requests to vacate the prior voluntary dismissal without prejudice, the Court will now address the plaintiff's requests to reopen this case.

**B.     Whether Reopening of the Case is Warranted Under Rule 60(b)**

The plaintiff's third motion to reopen was brought pursuant to Rule 60(b)(2). See Pl.'s 3d Mot. to Reopen at 1. In her motion, the plaintiff states that, "[o]n July 23, 2020, the [ ] Dep[artmen]t . . . sent a message[,]" id., which notified her that her "[r]equest for [r]econsideration of [the Department's] decision regarding [her] borrower defense application 01368893[,]" id. at 2, "is not complete[,]" id. Although the plaintiff states that she "submitted her response [to the Department] on July 27, 2020[,]" id. at 1, she also alleges that she "was notified by customer service[,]" id., on July 15, 2022, that her "response was not officially entered [in]to [the] record []because the application has not been assigned to an investigator[][,] and the application is still incomplete and [was] not being reviewed[,]" id. The plaintiff argues that, "[b]ased on the[se] newly discovered facts[,] the original agency determination is open for judicial review and intervention." Id.

Under Rule 60(b)(2), the Court may "relieve a party . . . from a final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). To prevail on a Rule 60(b)(2) motion,

8

> the movant must demonstrate that: (1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching.

Duckworth v. United States ex rel. Locke, 808 F. Supp. 2d 210, 216 (D.D.C. 2011). "The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief." Jarvis v. Parker, 13 F. Supp. 3d 74, 77 (D.D.C. 2014).

Here, the plaintiff has not satisfied her burden to show that she is entitled to relief under Rule 60(b) because she has not established that the customer service representative's notification on July 15, 2022, see Pl.'s 3d Mot. to Reopen at 1, is "newly discovered evidence[,]" Fed. R. Civ. P. 60(b)(2), that could not have been discovered through "reasonable diligence," id. The plaintiff has not demonstrated that she made any attempt to determine the status of either her Borrower Defense Application 01368893 or her request for reconsideration of such borrower defense application prior to being notified by the Department on July 15, 2022, that the application was still incomplete,[6] see generally Pl.'s 3d Mot. to Reopen, despite the fact that she submitted her response to the Department regarding the "reasons [she] believed the original determination was incorrect" id. at 1, almost two years earlier, "on July 27, 2020[,]" id. See Manhattan Cent. Studios v. Nat'l Labor Relations Bd., 452 F.3d 813, 817 n.6 (D.C. Cir. 2006) ("Relief under Rule 60(b)(2) requires that the moving party show, among other requirements,

---

[6] It is unclear whether the purported "newly discovered facts[,]" i.e., that the plaintiff's July 27, 2020 response to the Department "was not officially entered to record . . . and the application is still incomplete and [was] not being reviewed[,]" Pl.'s 3d Mot. to Reopen at 1, pertain to the plaintiff's Borrower Defense Application 01368893 or her request for reconsideration of the Department's decision regarding that application. See id. (describing "a message" from the Department regarding the plaintiff's "request [for] reconsideration of Borrower Defense Application 0136889[3,]" and the plaintiff's response to the Department's message, but arguing that, "[b]ased on the newly discovered facts, the original agency determination is open for judicial review" (emphasis added)). Under either scenario, the Court concludes that the information does not qualify as "newly discovered evidence" under Rule 60(b)(2). See Fed. R. Civ. P. 60(b)(2).

that he[ or she] was diligent in discovering the new evidence."). With the exercise of due diligence, the plaintiff could have determined that her application was "still incomplete and not being reviewed[,]" Pl.'s 3d Mot. to Reopen at 1, in advance of her voluntary dismissal, by contacting a customer service representative to inquire about the status of the relief she was seeking. See Lans v. Gateway 2000, Inc., 110 F. Supp. 2d 1, 6 (D.D.C. 2000) ("[T]he diligence inquiry looks not to what the litigant actually discovered, but what he or she could have discovered." (internal quotation marks omitted) (emphasis in original)). Thus, the Court concludes that the plaintiff is not entitled to relief under Rule 60(b)(2) because she was not "justifiably ignorant of the evidence despite due diligence[.]"[7] Duckworth, 808 F. Supp. 2d at 216.

---

[7] The plaintiff's second motion to reopen, which the Court now considers after granting the plaintiff's second motion to withdraw, also appears to be brought pursuant to Rule 60(b). See Pl.'s 2d Mot. to Reopen at 1 (citing Federal Rule 60 in the title of the motion). However, because the plaintiff's second motion to reopen does not cite to any specific grounds for relief under Rule 60(b) or any rationale for why the Court should reopen the case, see generally id., the Court denies the plaintiff's second motion to reopen for the same reason it denies her third motion to reopen.

Additionally, both the plaintiff's second motion to reopen and her third motion to reopen appear to assert new claims that are unrelated to the claims in her amended Complaint, see Am. Compl. at 5, which was the operative complaint when this case was closed on January 12, 2022, see Min. Order (Jan. 12, 2022). The plaintiff's amended Complaint contains allegations regarding her February 10, 2021 Borrower Defense Application and her FOIA and Privacy Act requests related to this application, see Am. Compl. at 5; see also Pl.'s 2d Mot. to Withdraw at 2 (indicating that the case number for the plaintiff's February 10, 2021 application is 03482215), whereas the plaintiff's second motion to reopen and third motion to reopen appear to refer to a prior Borrower Defense Application, see Pl.'s 2d Mot. to Reopen, Exhibit ("Ex.") 1 (Complaint for a Civil Case) at 6, ECF No. 11-1 (describing a 2017 Borrower Defense Application that the Department denied in December 2019); Pl.'s 3d Mot. to Reopen at 1–2 (describing a Borrower Defense Application with the case number 01368893). Because this case is closed and the Court has determined that reopening is not warranted, the Court will not address the new claims in the plaintiff's motions to reopen or the plaintiff's request to further amend the Complaint. See Pl.'s 2d Mot. to Reopen at 1 ("[The p]laintiff is submitting a motion to cure her complaint[.]"); id., Ex. 1 (Complaint for a Civil Case) at 1–8. Rather, so long as "procedural bars such as the statute of limitations so permit[,]" Goddard, 310 F.R.D. at 191, "[t]he proper recourse[,]" id. at 193, for the plaintiff "is to file another suit, particularly since the case was dismissed without prejudice[,]" id. (emphasis in original).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must deny the plaintiff's third motion to reopen, deny as moot the plaintiff's motion to postpone, and grant the plaintiff's second motion to withdraw.

**SO ORDERED** this 21st day of March, 2023.[8]

REGGIE B. WALTON<br>
United States District Judge

---

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.